STATE OF NORTH CAROLINA v. JEREMIE LABRANDON STEVENSON

No. COA10-1313

(Filed 3 May 2011)

**1. Admission of evidence of guns—no plain error**

The trial court did not commit plain error in a first-degree murder, first-degree kidnapping, robbery with a firearm, and conspiracy to commit robbery with a firearm case by admitting evidence of guns found by law enforcement officers during the search of defendant's family residence. Even assuming the admission of the evidence of the guns was error, defendant fell far short of convincing the Court of Appeals that a different outcome would have resulted absent the alleged error.

**2. Evidence— first-degree murder—first-degree kidnapping— robbery with a firearm—admission of photograph—illustrative of witness's testimony—no unfair prejudice**

The trial court did not err in a first-degree murder, first-degree kidnapping, robbery with a firearm, and conspiracy to commit robbery with a firearm case by admitting into evidence a picture of defendant holding a firearm. The photograph clearly illustrated the witness's testimony, and the trial court appropriately allowed the photograph into evidence for that purpose. Furthermore, the relevance of the picture was not substantially outweighed by the unfair prejudice to defendant.

**3. Request for transcript—trial court's denial—no abuse of discretion**

The trial court did not err in a first-degree murder, first-degree kidnapping, robbery with a firearm, and conspiracy to commit robbery with a firearm case by failing to meaningfully evaluate and exercise its discretion with respect to the jury's request for a transcript of a witness's trial testimony. By summoning the jurors and exercising its discretion regarding the jury's request, the trial court in this case complied with the requirements of N.C.G.S. § 15A-1233.

**4. Admission of witness's prior statement—failure to show prejudice**

The trial court did not err in a first-degree murder, first-degree kidnapping, robbery with a firearm, and conspiracy to commit robbery with a firearm case by allowing a witness to read to the jury a portion of her prior statement to police. Assuming *arguendo* that it was error for the trial court to admit the statement, defendant failed to satisfy his burden in showing that he was prejudiced by the alleged error.

Appeal by Defendant from judgment dated 21 December 2009 by Judge Jerry Cash Martin in Iredell County Superior Court. Heard in the Court of Appeals 22 March 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Francis W. Crawley, for the State.*

*Paul F. Herzog for Defendant.*

STEPHENS, Judge.

*Factual and Procedural Background*

On 24 March 2008, Defendant Jeremie LaBrandon Stevenson ("Stevenson") was indicted on one count each of first-degree murder, first-degree kidnapping, robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon. Stevenson pled not guilty to the charges and was tried non-capitally before a jury at the 14 December 2009 Criminal Session of Iredell County Superior Court, the Honorable Jerry Cash Martin presiding.

The evidence presented at trial tended to show the following: In the evening of 2 March 2008, Theodore Barbone ("Barbone"), a reputed

drug dealer and the victim in this case, was driven by two friends to Daughtry Lane near Statesville, North Carolina, so that Barbone could "drop some [marijuana] off." When the three arrived, Barbone got out of his vehicle and got into the back seat of "an old red four-door car[,]" in which Barbone's friends observed two men sitting in the front seats. As soon as Barbone got into the red car, the car sped off; Barbone's two friends followed. When Barbone's friends caught up with the red car, they saw the red car's front seat passenger struggling with Barbone and then heard two gunshots come from the direction of the red car. Immediately thereafter, when a third car pulled up behind them, Barbone's friends drove away from the red car. The third car followed Barbone's friends for several miles before it "turned around and came back the same way they just came from." After the third car turned around, Barbone's friends called the Iredell County sheriff's office and "told them that [they] thought there had been a shooting[.]" Barbone's friends then returned to the location of the shooting, where they met law enforcement officers and gave statements detailing the events of the evening.

Prior to Barbone's friends' return to the scene of the shooting, a truck driver came upon Barbone lying face down in the middle of Cool Springs Road in Iredell County. The truck driver saw that Barbone was bleeding, but still breathing and called 911 to report a hit-and-run. When law enforcement and emergency medical personnel arrived, Barbone was lying bloody in the middle of the road and no longer breathing. Barbone was also missing a shoe and had two fresh wounds in his torso. A later post-mortem examination revealed that Barbone died from internal bleeding associated with two close-range gunshot wounds to the abdomen.

Through their investigation of Barbone's death, law enforcement officers discovered that Barbone planned to meet and sell marijuana to Josh Hemphill ("Hemphill") on the night Barbone was shot. Law enforcement officers learned that Hemphill, along with Stevenson and two others, were at an apartment rented by Crystal Waugh ("Waugh") and Kayla Robinson ("Robinson") in the late evening of 2 March 2008 and that Stevenson was at Waugh's and Robinson's apartment earlier that day with a "silver gun with a black handle" in his lap. Officers also located a red car registered to Stevenson abandoned behind a house near Stevenson's home. Officers impounded and searched Stevenson's car and found a shoe matching the one on Barbone's foot when he died and blood stains with DNA matching that of Barbone. Officers then obtained and executed a search warrant for Stevenson's residence and arrested Stevenson at his residence.

STATE v. STEVENSON

[211 N.C. App. 583 (2011)]

On the following day, Stevenson gave a statement to police indicating that Hemphill asked Stevenson to drive Hemphill to meet Barbone so Hemphill could buy some marijuana. Stevenson stated that after Barbone got into the car with Hemphill and Stevenson, Hemphill pulled out a gun and demanded Barbone's marijuana. A struggle for the gun ensued, and Barbone was shot. Stevenson stopped the car, Barbone got out, and Hemphill shot at him again.

Later, while he was still in custody, Stevenson gave another statement, in which he confirmed he was driving the car when Hemphill shot Barbone, but further indicated that, rather than attempting to buy drugs from Barbone, he and Hemphill "planned to rob [Barbone] for his [marijuana]" on the night of the shooting.

Following the presentation of evidence, the trial court instructed the jury on the charges of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, first- and second-degree kidnapping, and first- and second-degree murder. The jury returned verdicts finding Stevenson guilty of first-degree murder based on the felony murder rule, first-degree kidnapping, robbery with a firearm, and conspiracy to commit robbery with a firearm. The trial court arrested judgment on the first-degree kidnapping and robbery with a dangerous weapon charges, consolidated the other two judgments, and sentenced Stevenson to life imprisonment without parole. Stevenson gave notice of appeal in open court.

## Discussion

[1] On appeal, Stevenson argues that the trial court erred by admitting evidence of guns found by law enforcement officers during the search of Stevenson's family residence. Stevenson contends that the evidence was irrelevant and highly prejudicial and, thus, should not have been admitted by the trial court.

The evidence of which Stevenson complains includes a photograph of three guns found in Stevenson's residence, where he lived with his parents, and testimony about how and where the guns were found. Stevenson contends that this evidence should not have been admitted because (1) the guns were found under a mattress in a bedroom that was not Stevenson's room, and (2) investigators concluded that the guns were not possible murder weapons in this case. However, as conceded by Stevenson on appeal, the evidence of the guns was admitted without objection by Stevenson and, thus, our review of this issue may only be for plain error. N.C. R. App. P. 10(a)(4) (2009).

To show plain error, a defendant must convince the Court "not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Allen*, 360 N.C. 297, 310, 626 S.E.2d 271, 282 (internal quotation marks omitted), *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006). In this case, assuming the admission of the evidence of the guns was error, Stevenson has fallen far short of convincing this Court that a different outcome would have resulted absent the alleged error.

The largely undisputed evidence presented at trial tended to show that Stevenson admitted in a written statement that he and Hemphill met Barbone in order to rob Barbone; that Stevenson admitted that he knew Hemphill had a gun at the ready when Barbone got into Stevenson's car; that Stevenson admitted to driving away from Barbone's friends when Barbone got in the car; that Stevenson's statement was corroborated by testimony from Barbone's two friends, who testified that Barbone got into a red car similar to Stevenson's; and that Stevenson's car had Barbone's shoe and blood in it.

Despite this *overwhelming* evidence of his guilt, Stevenson argues on appeal that this case was not a "slam dunk" and that admission of the evidence of the three guns was "a basic fundamental error entitling him to a new trial." In support of this argument, Stevenson contends that "[t]he fact that the jurors asked for access to documentary evidence, didn't arrive at a quick verdict, and announced that they were deadlocked on one of the charges[] tends to indicate that the jurors found the State's case less than compelling." We are unconvinced.

First, we note that the evidence of the guns was not among the evidence that the jury asked to review. Second, regarding the time taken by the jury to reach its verdict, rather than the jurors deliberating "for the better part of two days" as Stevenson contends, the transcript indicates that the jurors deliberated for less than six and one half hours. Third, regarding the jury's deadlock, the transcript indicates that after five hours of deliberation, the jurors had reached unanimous verdicts on the charges of first-degree kidnapping, conspiracy to commit robbery with a firearm, and robbery with a firearm, but were deadlocked at 11 to one on the charge of first-degree murder.

In our view, these circumstances do not indicate that the jurors found the State's evidence "less than compelling." Instead, they tend to indicate that the jury returned verdicts finding Stevenson guilty after meaningful, but relatively brief, consideration of the State's evidence. Considering the plenary evidence of Stevenson's guilt, the cir-

cumstances offered by Stevenson, while perhaps showing the State's case was not a "slam dunk," show that, at the very least, the State's case was an uncontested lay-up. Stevenson's argument is overruled.

[2] Stevenson next argues that the trial court erred by admitting a picture of Stevenson holding a firearm. We disagree. The complained-of evidence was a properly authenticated picture of Stevenson lying down with a silver revolver on his chest. The picture was offered by the State and admitted by the trial court to illustrate Robinson's testimony that she saw Stevenson at her apartment with a silver gun with a black handle. Indeed, just before the trial court received the picture into evidence, Robinson testified that the gun depicted in the picture "appears to be the same firearm that [she] last saw . . . in [Stevenson's] lap on the day that [Barbone] was shot."

As correctly stated by the State on appeal, "[w]here a proper foundation has been laid, photographs may be used contemporaneously with the witness's testimony in order to illustrate his testimony and facilitate his explanation." *State v. Swift*, 290 N.C. 383, 395, 226 S.E.2d 652, 662 (1976). In this case, the photograph clearly illustrated Robinson's testimony, and the trial court appropriately allowed the photograph into evidence for that purpose.[1] Nevertheless, Stevenson argues that the picture was inadmissible under North Carolina Rule of Evidence 403 because any relevance of the picture was substantially outweighed by the unfair prejudice to Stevenson caused by the fact that, in the picture, he was making what Stevenson characterizes as a "gang sign." We are again unpersuaded.

Before allowing the picture into evidence, the trial court explained the basis for its ruling as follows:

> The [c]ourt's of the view that [the picture's] probative value is not substantially outweighed by its [] unfair prejudice to [Stevenson] as to the hand gesture. It's a hand gesture with no particular significance. The officer [who found the picture and testified in *voir dire* that the gesture was "some kind of gang sign, but I couldn't tell you exactly what it is"] speculated. He thought it may have some gang significance but nothing else in the picture, not even a hand gesture by itself[,] indicates that.

---

1. On appeal, Stevenson seems to argue that the picture was admitted as substantive evidence and that such admission was erroneous due to the picture's irrelevance, rather than arguing that it was inadmissible to illustrate Robinson's evidence, the purpose for which it was admitted by the trial court. To the extent Robinson's argument addresses the admissibility of the picture as substantive evidence, that argument is overruled as the picture was plainly not admitted for substantive purposes.

On appeal, this Court reviews a trial court's ruling under Rule 403 for abuse of discretion. *See State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005) ("The decision whether to exclude evidence under Rule 403 of the Rules of Evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion."), *cert. denied*, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006). In this case, because there was no evidence that Stevenson's hand gesture was a "gang sign," and because there was no evidence to indicate any affiliation between Stevenson and any kind of gang, we conclude that the trial court did not abuse its discretion in ruling that the picture's probative value was not substantially outweighed by any potential unfair prejudice to Stevenson, especially in light of the picture's strong probative value in illustrating Robinson's testimony. Accordingly, Stevenson's argument is overruled.

**[3]** Stevenson next argues that the trial court erred "when it failed to meaningfully evaluate and exercise its discretion with respect to the jury's request for a transcript of Alisha Hemphill's trial testimony" in violation of N.C. Gen. Stat. § 15A-1233. We disagree.

Section 15A-1233 provides as follows:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence.

N.C. Gen. Stat. § 15A-1233(a) (2009).

In this case, after less than 30 minutes of deliberation, the jurors requested to review Stevenson's written statements, Waugh's and Robinson's written statements, photographs of the crime scene and Stevenson's car, and a copy of the testimony of Alisha Hemphill, Hemphill's sister. Upon receipt of the request, the trial court granted all of the jury's requests except for the copy of Alisha Hemphill's testimony, which the court "propose[d] in its discretion to deny that request." Neither party objected to the court's decision on any of the jury's requests, and the trial court informed the jury that "[i]n the [c]ourt's discretion, the [c]ourt will deny that portion of—deny [the copy of Alisha Hemphill's transcript] request[,]" but that the court would grant the rest of the requests.

Stevenson argues on appeal that the trial court "failed to give any meaningful consideration to the jurors' request" based on the lack of "evidence that [the court] weighed the pros and cons of the issue." Stevenson further argues that "the trial judge should give some sort of explanation to demonstrate that he is actually exercising his discretion[.]" These arguments are unavailing.

As previously stated by our Supreme Court in *State v. Ashe*, 314 N.C. 28, 331 S.E.2d 652 (1985):

> This statute [section 15A-1233] imposes two duties upon the trial court when it receives a request from the jury to review evidence. First, the court must conduct all jurors to the courtroom. Second, the trial court must exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury together with other evidence relating to the same factual issue.

*Id.* at 34, 331 S.E.2d at 656. By summoning the jurors and exercising its discretion regarding the jury's requests, the trial court in this case complied with the requirements of section 15A-1233. Despite Stevenson's contention otherwise, there is nothing to indicate that the trial court failed to give meaningful consideration to the request, and there is no requirement that the judge "give some sort of explanation to demonstrate that he is actually exercising his discretion[.]"[2] Furthermore, "when a trial court assigns no reason for a ruling which is to be made as a matter of discretion, the reviewing court on appeal presumes that the trial court exercised its discretion." *State v. Guevara*, 349 N.C. 243, 252, 506 S.E.2d 711, 717 (1998), *cert. denied*, 526 U.S. 1133, 143 L. Ed. 2d 1013 (1999). Based on the foregoing, we conclude that the trial court's denial of the jury's request to review Alisha Hemphill's testimony was not error.

[4] Finally, Stevenson argues that the trial court erred by allowing Robinson to read to the jury the following portion of her prior statement to police:

> After I heard about [Stevenson] being arrested, me and [Waugh] started talking. We was wondering why [Stevenson and another

---

2. In arguing for the existence of this requirement, Stevenson cites various cases from other jurisdictions standing for the proposition that the trial court should generally grant these requests. Because those cases are not binding, and because the North Carolina legislature has not amended section 15A-1233 to include language favoring granting such requests, we decline to adopt the rules from other jurisdictions and, instead, apply North Carolina law as written.

person] came in and took a shower that night, 'cause that's not normal. We was wondering why they didn't have the gun like normal. Usually over the last couple of weeks, I would see [] them with a gun.

Robinson's prior statement was admitted by the trial court as opinion-based evidence of Robinson's state of mind at the time Stevenson returned to Robinson's and Waugh's apartment.

On appeal, Stevenson argues that the evidence was improperly admitted because it was not proper opinion testimony and because it was inadmissible non-corroborative hearsay. Stevenson further argues that admission of the evidence of Robinson's "speculation about [Stevenson's] motive for taking a shower and the reason for the absence of the gun" was clearly prejudicial in that "[h]ad the trial court not admitted [Robinson's] out-of-court statements, there is a reasonable possibility that the jury would have reached a different verdict." We disagree.

Assuming *arguendo* that it was error for the trial court to admit Robinson's statement, we conclude that Stevenson has failed to satisfy his burden in showing that he was prejudiced by the alleged error. *See* N.C. Gen. Stat. § 15A-1443(a) (2009) ("A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant."). As discussed *supra*, the evidence of Stevenson's guilt was overwhelming. This is so despite the allegedly erroneous admission of Robinson's statement that Stevenson's shower and lack of possession of a gun were inconsistent with his normal routine. Based on the overwhelming evidence against Stevenson, we conclude there is no reasonable possibility that the jury would have reached a different result had Robinson's statement been excluded. Accordingly, Stevenson's argument is overruled.

We hold that Stevenson received a fair trial, free of prejudicial error.

NO PREJUDICIAL ERROR.

Judges HUNTER, ROBERT C., and ERVIN concur.